JOURNAL ENTRY AND OPINION
{¶ 1} Appellants, Clifford and Stephanie Reust, appeal the decision of the Cuyahoga County Common Pleas Court, Juvenile Division, adopting a magistrate's order denying them standing to pursue custody of Rachel Crowder and Jesse Crowder.
 {¶ 2} The record reveals that Susan Reust and Jesse Crowder are the parents of Rachel and Jesse, whose dates of birth are January 3, 1994 and May 16, 1995, respectively. Appellants are the brother and sister-in-law of Susan and therefore the maternal aunt and uncle of the children. In September 1996, the juvenile court, in case number 9610231, awarded legal custody of the children to appellee, Patricia Brannan (Brannan), the children's paternal grandmother. It appears that Susan was granted visitation rights, although supervised.
 {¶ 3} On October 2, 1998, the Cuyahoga County Department of Children and Family Services (CCDCFS) filed a complaint for neglect alleging that the paternal grandmother left the children in the care of Susan unsupervised and while in Susan's care, the children were left alone in squalid conditions. An emergency ex parte order removed the children from Brannan's care and placed them with appellants. A probable cause hearing was held on October 6, 1998 at which time CCDCFS withdrew its motion for predispositional temporary custody and set the matter for preliminary hearing on October 27, 1998. Contrary to appellee's assertions, the record does not reflect that appellants were present at the October 6th hearing. Equally unclear from the record before this court is how long the children were in appellants' custody. From the briefs of the parties, it appears that the children were returned to Brannan without incident around this time.
 {¶ 4} At the hearing held on October 27, 1998, the magistrate found the children to be neglected but, unexplainedly, awarded legal custody again to Brannan. From the tenor of the court's order adopting the magistrate's decision, it appears that the court was under the mistaken impression that the allegations of neglect were against the children's parents and not against Brannan.
 {¶ 5} Mother and Father through counsel stipulated to allegations of the complaint as amended. The magistrate accepted such stipulation(s) pursuant to Juvenile Rule 29.
 {¶ 6} The magistrate heard evidence and testimony. Upon due consideration thereof, the magistrate finds that the allegations of the complaint have as amended been proven by clear and convincing evidence. The children are found to be neglected. The court grants legal custody of children, Rachel Crowder and Jesse Crowder, to paternal grandmother, Patricia Brannan, * * *.
 {¶ 7} No objections were filed and the court adopted the magistrate's findings and recommendations on November 12, 1998. No appeal was taken from this judgment.
 {¶ 8} On this same date, appellants filed a motion to intervene and contemporaneously filed a petition to modify the allocation of parental rights. Appellants, however, filed these documents under the wrong case numbers, and claim that they were not notified and were otherwise unaware that a hearing had been scheduled and was taking place the same day. Thereafter, appellants filed yet another petition with the correct case numbers in March 1999. During this time, it appears that the children were again living with Brannan and that appellants saw the children regularly.
 {¶ 9} The court appointed attorney Kevin Gibbons in February 2000 as guardian ad litem for the children, who recommended to the court that the children continue in the custody of Brannan with liberal visitation rights granted to appellants. As stated in his report, Mrs. Brannan has learned from her mistake and now takes all proper precautions to insure the health and safety of the children.
 {¶ 10} In September 2001, a magistrate found that appellants were precluded from proceeding on their petition because they did not have standing to pursue custody. After overruling appellants' objections, the juvenile court adopted the magistrate's order. It is from this order that appellants now appeal, assigning two errors for our review.
 I. {¶ 11} In their first assignment of error, appellants complain that the trial court erred in determining that they had no standing to petition for the custody of Rachel and Jesse Crowder. In particular, appellants argue that R.C. 2151.353(A)(2) specifically authorizes a court to commit a child to the temporary custody of a relative and, therefore, relatives such as appellants have standing to seek the custody of their niece and nephew.
 {¶ 12} While we agree that R.C. 2151.353(A)(2) permits a court to make such a commitment, we also note that subdivision (E)(2) of this same statute restricts the ability to modify an order of temporary custody to certain individuals or entities. In particular, this statute provides:
 {¶ 13} * * * any party * * *, by filing a motion with the court, may at any time request the court to modify or terminate any order of disposition issued pursuant to division (A) of this section * * *.
 {¶ 14} It appears to be true that appellants were given temporary custody in October 1998 at the time the children were taken into shelter care following an ex parte determination that the need for emergency custody was needed. The court's consideration of appellants as temporary custodians at that time, however, did not then and does not now make them a party to the proceedings before the court. See R.C. 2151.28(B)(1).
 {¶ 15} This does not mean that relatives of an alleged neglected child are without recourse. R.C. 2151.27(A) permits [a]ny person having knowledge of a child who appears to be a * * * neglected * * * child [to] file a sworn complaint with respect to that child * * *. Consequently, to the extent that appellants possess such knowledge, they can bring it to the attention of the court in the manner prescribed by this statute. Should the court find the child to be neglected, R.C. 2151.353(A)(3) gives the court the option to award legal custody to * * * any other person, who prior to the dispositional hearing, files a motion requesting legal custody of the child * * *.
 {¶ 16} Here, appellants' petition restates the procedural posture of the case from the time of the filing of complaint for neglect against Brannan until its disposition with the court in November 1998. There are no new allegations of neglect since that time period. While we may agree that it does seem unusual for the trial court to award legal custody to Brannan after finding the children to be neglected while in her care, appellants cannot now several years later collaterally attack that judgment through a petition to modify custody where they are not now and have never been parties to the proceedings before the court.
 {¶ 17} Appellants' first assignment of error is not well taken and is overruled.
 II. {¶ 18} In their second assignment of error, appellants argue that the trial court erred when it did not conduct a hearing upon the termination of the temporary custody order pursuant to R.C. 2151.353(F).
 {¶ 19} This statutory provision states:
 {¶ 20} Any temporary custody order issued pursuant to division (A) of this section shall terminate one year after the earlier of the date on which the complaint in the case was filed or the child was first placed into shelter care * * *.
 {¶ 21} By its very terms this statute is restricted to those cases where there has been no disposition on a complaint or the child was placed in shelter care. R.C. 2151.011(B)(44)[1] defines shelter as the temporary care of children in physically unrestricted facilities pending court adjudication or disposition.
 {¶ 22} In this case, the court adjudicated the children to be neglected and then committed them to the legal custody of Brannan. Consequently, there was both adjudication and disposition bringing closure to the complaint as filed. R.C. 2151.353(F) is, therefore, inapplicable.
 {¶ 23} Appellants' second assignment of error is not well taken and is overruled.
It is ordered that appellee recover of appellants costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court, Juvenile Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, J., AND JAMES J. SWEENEY, J., CONCUR.
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).
[1] As enumerated by the version of R.C. 2151.011 in effect at the time the children were placed in shelter care.